# In the United States Court of Federal Claims

20-973C
Filed: August 13, 2020
NOT FOR PUBLICATION

| | |
|---|---|
| **DOUGLAS D. JACKSON,**<br><br>                     *Plaintiff,*<br>v.<br><br>**UNITED STATES,**<br><br>                     *Defendant.* | Keywords: *Pro Se*; *Sua Sponte* Dismissal; RCFC 12(b)(6); 28 U.S.C. § 1495; 28 U.S.C. § 2513 |

### OPINION AND ORDER

***HERTLING*, Judge**

On August 5, 2020, Douglas D. Jackson filed this action *pro se* seeking damages for an alleged unjust conviction and imprisonment. Because the complaint fails to state a claim, the Court must dismiss the case.

### I.   BACKGROUND

Mr. Jackson was tried by a jury and convicted of three counts of transporting a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C.§ 2423(a), three counts of sex trafficking of a minor by fraud, force, or coercion in violation of 18 U.S.C. § 1591(a), and one count of possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). Mr. Jackson was sentenced to 295 months of imprisonment; 60 months of the sentence was mandatory under the firearms count.

After he was convicted, Mr. Jackson moved to vacate the firearms conviction, arguing that the statute under which he was convicted, 18 U.S.C. § 924(c), was unconstitutionally vague, but the district court rejected his claim. *United States v. Jackson*, No. 3:15-CR-006-RLM, 2015 WL 13597901, at *7 (N.D. Ind. Dec. 2, 2015).

On appeal, the Court of Appeals for the Seventh Circuit vacated Mr. Jackson's conviction under 18 U.S.C. § 924(c) but left undisturbed his convictions on the other counts related to child sex-trafficking. *United States v. Jackson*, 865 F.3d 946 (7th Cir. 2017). The United States sought a writ of certiorari to the Supreme Court, which granted the petition and vacated the Seventh Circuit's judgment as to the firearm charge and remanded. 138 S. Ct. 1983 (2018). On remand, the Seventh Circuit initially stayed its consideration of the plaintiff's claim pending the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and, upon the

Supreme Court's resolution of *Davis,* again vacated the firearms conviction and remanded to the district court for resentencing. *United States v. Jackson*, 932 F.3d 556 (7th Cir. 2019).

The plaintiff brought this case arguing that on account of his improper conviction and incarceration under the firearms charge, he is entitled to damages under 28 U.S.C. § 2513.

## II.   DISCUSSION

This Court "tests the sufficiency of the complaint as a matter of law, accepting as true all non-conclusory allegations of fact, construed in the light most favorable to the plaintiff." *Samish Indian Nation v. United States*, 419 F.3d 1355, 1364 (Fed. Cir. 2005). The plaintiff bears the burden of establishing the court's subject-matter jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

The plaintiff is proceeding *pro se*, so his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of having to demonstrate that he has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See, e.g.*, *Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the plaintiff's complaint, which the Court interprets liberally. *See Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Even if a complaint on its face properly invokes the Court's limited jurisdiction, it must also state a facial claim for relief. In evaluating a claim under Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), the Court must accept as true a complaint's well-pleaded factual allegations and construe them in the most favorable manner to the plaintiff. *Ashcroft v. Iqbal*, 566 U.S. 662, 668 (2009). The Court must draw all reasonable inferences in favor of the non-moving party. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed Cir. 2001).

To avoid dismissal under RCFC 12(b)(6), a complaint must allege facts "plausibly suggesting (not merely consistent with)" a showing that the plaintiff is entitled to the relief sought. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

The Court has jurisdiction to entertain a suit "for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. While § 1495 confers jurisdiction on this Court to hear the action, it does not establish the plaintiff's cause of action.

Mr. Jackson's cause of action arises from his claim that he was unlawfully imprisoned and therefore entitled to money damages arises under 28 U.S.C. § 2513. He alleges that, because his conviction for the firearms charge was set aside, he did not commit the illegal acts covered by 18 U.S.C. § 924(c) and was therefore "unjustly convicted" of the offense.

"In order to state a claim for relief, a claimant must allege that he satisfies the requirements set forth in 28 U.S.C. § 2513." *Castro v. United States*, 364 F. App'x 619, 620 (Fed. Cir. 2010).

Section 2513 requires a plaintiff to "allege and prove that:"

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

Mr. Jackson does not allege facts necessary to sustain a cause of action under 28 U.S.C. § 2513. His conviction under 18 U.S.C. § 924(c) was overturned because the Supreme Court held the residual clause of that statute, under which the plaintiff was convicted, to be unconstitutionally vague. The plaintiff's conviction was not reversed "on the ground that he [was] not guilty of the offense," as required by 25 U.S.C. § 2513(a)(1). Nowhere in its two opinions vacating the plaintiff's conviction under 18 U.S.C. § 924(c) does the Seventh Circuit discuss the sufficiency of the evidence to support the plaintiff's conviction on the firearms charge. As a result, the plaintiff cannot show he is innocent of that charge.

Because his firearms conviction was overturned on legal grounds, the plaintiff's complaint also fails to satisfy 28 U.S.C. § 2513(b), which expressly provides that "proof of the requisite facts shall be by certificate of the court or pardon wherein such facts are alleged to appear, and other evidence shall not be received." Mr. Jackson's complaint makes no reference to such a certificate because none exists, and this Court may consider no other evidence.

Indeed, the plaintiff would be hard-pressed to demonstrate his actual innocence given the fact that his convictions for six counts related to child-sex-trafficking stand. *See Jackson*, 932 F.3d at 558. He does not allege that he would not have been incarcerated from February 12, 2015 (when he was first incarcerated upon arrest), to the present but for the overturned firearms conviction. Mr. Jackson's argument about his overturned firearm-related conviction ignores the child-sex-trafficking convictions, all six of which stand and all six of which support his current incarceration.

Because the plaintiff has failed to allege that he is innocent in fact of the firearms charge for which he was convicted, he is legally unable to prevail under the relevant statute.[1]  In addition, he is unable to demonstrate any harm because his convictions on the child-sex-trafficking charges have been upheld, and these otherwise support his continued incarceration and reflect that he has suffered no injury.

## III.  CONCLUSION

No reading of the plaintiff's allegations can support the cause of action he pursues.  Accordingly, the plaintiff's complaint is **DISMISSED** with prejudice pursuant to RCFC 12(b)(6).  The Clerk is directed to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A, Hertling  
RICHARD A. HERTLING  
Judge

---

[1] Trial courts "may dismiss *sua sponte* under Rule 12(b)(6), provided that the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006) (citing *Myers v. Polk Miller Prods., Inc.*, 40 C.C.P.A. 739, 201 F.2d 373, 376 (1953)).